*E-FILED - 3/20/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT KELLY WALTERS, | ) | No. C 04-0818 RMW (PR) |
| | ) | |
| Plaintiff, | ) | ORDER REGARDING |
| | ) | PENDING MOTIONS; |
| | ) | FURTHER SCHEDULING |
| v. | ) | ORDER |
| | ) | |
| | ) | |
| EDWARD ALAMEIDA, et. al., | ) | |
| | ) | |
| Defendants. | ) | (Docket Nos. 39, 47, 56, 57, 58, |
| | ) | 59, 61, 65, 66) |

Plaintiff, proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis. On July 7, 2006, plaintiff filed an amended complaint. The court granted plaintiff leave to file an amended complaint. Thereafter, the court reviewed the amended complaint and dismissed three of plaintiff's claims, dismissed defendants California Department of Corrections and Rehabilitation ("CDCR") and Edward Alameida in his official capacity, and ordered service of the amended complaint on the remaining defendants. Defendants Alameida, Nimrod, Preston, Polk, McGrath, and Browman filed a motion to stay discovery and a motion for summary judgment. Defendants Lucarelli and Wheeler filed a motion to join in the pending motion for summary judgment. Plaintiff has filed an opposition to defendants' motion for summary judgment, a motion to compel discovery, two

motions for extension of time, a motion to expedite, a motion for leave to supplement his opposition, and a request to join defendants Lucarelli and Wheeler in his opposition. Although directed to do so, defendants did not file a reply to plaintiff's opposition. The court will address the pending motions and issue a further scheduling order on the motion for summary judgment.

## DISCUSSION

**A.     Discovery**

Defendants Alameida, Nimrod, Preston, Polk, McGrath, and Browman filed a motion to stay discovery pending a ruling on their motion for summary judgment. Plaintiff has filed an opposition to defendants' motion to stay discovery, a motion to compel, and a motion to stay the summary judgment motion until he receives responses to his pending discovery requests. Plaintiff has filed an opposition to the motion for summary judgment.

After a careful review of the record, the court concludes that a stay of discovery is in order. It is well settled that a stay of discovery should be granted until the threshold question of qualified immunity is decided. See Crawford-El v. Britton, 523 U.S. 574, 598 (1998). "When a plaintiff files a complaint against a public official alleging a claim that requires proof of wrongful motive, the trial court must exercise its discretion in a way that protects the substance of the qualified immunity defense. It must exercise its discretion so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings." Id. at 597-98. Accordingly, defendants' request for a stay of discovery is GRANTED (docket no. 39). Plaintiff's motion to compel discovery and to stay the pending motion for summary judgment is DENIED without prejudice (docket nos. 56, 57). The stay will remain in effect until the court issues an order on the motion for summary judgment. If the court denies qualified immunity, the stay will be lifted and the parties will have the opportunity to engage in discovery and to file supplemental pleadings with respect to any remaining grounds for summary judgment.

The court is mindful that its stay on discovery will require some relaxation of the ordinary rules of admissibility of evidence as to affidavits which may be used to oppose summary judgment here. See DiMartini v Ferrin, 889 F.2d 922, 926-27 (9th Cir. 1989), amended, 906 F.2d 465 (9th Cir. 1990), cert. denied, 501 U.S. 1204 (1991). Plaintiff is advised,

1  however, that merely asserting the need for discovery in his opposition papers will not defeat
2  summary judgment. At minimum, plaintiff must comport with Federal Rule of Civil Procedure
3  56(f) and, by affidavit filed in conjunction with his opposition, show what particular facts he
4  expects to discover and how those facts would preclude summary judgment. See Mackey v.
5  Pioneer Nat'l Bank, 867 F.2d 520, 523-24 (9th Cir 1989).

**B.      Pending Motions and Further Scheduling Order**

Plaintiff has filed a motion for extension of time to file his opposition to defendants' motion for summary judgment. Thereafter, plaintiff filed an opposition on August 1, 2007. The court concludes plaintiff has shown good cause for such extension. Plaintiff's motion (docket no. 58) is GRANTED. The opposition, filed on August 1, 2007, is deemed timely. Plaintiff filed a motion for an expedited hearing on his pending motions. The court DENIES plaintiff's motion for an expedited hearing (docket no. 59) as moot.

Defendants Lucarelli and Wheeler have filed a motion to join in the remaining defendants' motion for summary judgment. Defendants Lucarelli and Wheeler's motion (docket no. 61) is GRANTED. Plaintiff has filed a motion for extension of time to file an opposition to Defendant Lucarelli and Wheeler's motion and a motion for leave to supplement his opposition as to defendants' Lucarelli and Wheeler. Although the court notes that defendants Lucarelli and Wheeler did not file any supplemental briefing on the motion for summary judgment, the court GRANTS plaintiff's motion for leave to supplement his opposition (docket no. 66). The court notes that plaintiff filed a supplemental opposition as to these defendants on August 6, 2007. Therefore, plaintiff's motion for extension of time (docket no. 65) is DENIED as moot.

As of the date of this order, defendants have not filed a reply to plaintiff's opposition and supplemental opposition. The court will DENY the pending motion for summary judgment (docket no. 47) without prejudice and CONTINUE this motion until defendants have submitted a reply brief. Accordingly, defendants shall file a reply brief, and serve a copy on plaintiff, **within thirty (30) days of the date this order is filed**.

\\\
\\\

**CONCLUSION**

1. Defendants' motion for a stay of discovery pending a ruling on the motion for summary judgment (docket no. 39) is GRANTED.

2. Plaintiff's motion to compel discovery and motion to stay the pending motion for summary judgment (docket nos. 56, 57) are DENIED without prejudice.

3. Plaintiff's motion for extension of time to file his opposition to defendants' motion for summary judgment (docket no. 58) is GRANTED. The opposition, filed on August 1, 2007, is deemed timely.

4. Plaintiff's motion for an expedited hearing (docket no. 59) is DENIED as moot.

5. Defendants Lucarelli and Wheeler's motion to join in the pending motion for summary judgment (docket no. 61) is GRANTED.

6. Plaintiff's motion for leave to supplement his opposition (docket no. 66) is GRANTED. The court will consider plaintiff's supplement to the opposition (docket no. 67) in reviewing the merits of the motion for summary judgment.

7. Plaintiff's motion for extension of time (docket no. 65) is DENIED as moot.

8. Defendants' motion for summary judgment (docket no. 47) is DENIED without prejudice and CONTINUED until defendants have submitted a reply brief. Accordingly, defendants shall file a reply brief, and serve a copy on plaintiff, **within thirty (30) days of the date this order is filed**.

9. The matter will be submitted as of the date the reply brief is due.

10. It is plaintiff's responsibility to prosecute this case. All communications by the plaintiff with the court must be served on defendants, or defendants' counsel, by mailing a true copy of the document to defendants or defendants' counsel. Plaintiff must keep the court and the parties informed of any change of address and must comply with the court's orders in a timely fashion.

\\\
\\\
\\\

1  Plaintiff's failure to do so may result in the dismissal of this action for failure to prosecute
2  pursuant to Federal Rule of Civil Procedure 41(b).
3       IT IS SO ORDERED.
4  DATED:  3/19/08

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge